UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSE LUIS ALVAREZ, on behalf of himself and all other persons similarly situated,**<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**MILLENIUM TREE SERVICE and LANDSCAPING DESIGN, INC. d/b/a MILLENIUM TREE SERVICE & JORGE MENA,**<br><br>　　　　　**Defendants.** | Civ. No. 2:12-cv-7182 (WJM)<br><br>OPINION |

　　　This is a wage and hour case brought under the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"). Plaintiff Jose Luis Alvarez alleges that his former employer, Millenium Tree Service ("Millenium") failed to pay him overtime. Accordingly, Alvarez brought the instant putative collective action against Millenium and Jorge Mena, Millenium's principal (together "Defendants"). Defendants failed to answer the Complaint. Accordingly, Alvarez moves without opposition for a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons stated below, the Court will **GRANT** Alvarez's motion.

　　　Millenium is a landscaping business engaged in interstate commerce with gross revenues exceeding $500,000.00 annually. Compl. ¶¶ 6-7, ECF No. 1. According to the Complaint, Millenium is an "enterprise" for purposes of the FLSA. *Id.* ¶ 9. Millenium employs at least two people who handle goods moved in interstate commerce. *Id.* ¶ 8. Mena is Millenium's owner or co-owner. *Id.* ¶ 10. Mena "played an active role in managing the business" at Millenium: Mena had the power to hire and fire employees, set wages and schedules, and retain employee records. *Id.* ¶¶ 10-11. Alvarez worked as a landscaper for Millenium from February 15, 2012 until August 30, 2012. *Id.* ¶ 20. Alvarez generally worked ten hour days, six days per week. *Id.* ¶¶ 23-24; Alvarez Declaration ¶ 9, ECF No. 10-4. He was paid $13.75 per hour. Compl. ¶ 26; Alvarez Declaration ¶ 10. Save for one week when Millenium paid Alvarez his $13.75 salary for 48 hours of work, Millenium paid Alvarez for only eight hours per day, up to a maximum of forty hours per week. Compl. ¶¶ 27, 31; Alvarez Declaration ¶¶ 11-12.

1

Alvarez served Defendants with the Complaint on December 4, 2012. ECF Nos. 3, 4. Defendants did not answer or otherwise respond to the Complaint. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered default against Defendants on January 3, 2013. ECF No. 6. Thereafter, Plaintiff filed the instant motion for default judgment. ECF No. 10. Plaintiff served Defendants with the instant motion on August 30, 2013. *Id.*

The mere fact of default does not entitle a plaintiff to judgment. To enter a default judgment, the Court must first determine whether a sufficient cause of action has been stated, taking as true the factual allegations of the Complaint, but not necessarily the allegations related to damages. *See, e.g.*, *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). Once a cause of action has been established, "district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

To determine whether Alvarez has stated an overtime claim, the Court looks to the text of the FLSA. The FLSA provides that "no employer shall employ any of his employees who . . . is employed in an enterprise engaged in commerce . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

Here, the Complaint states an FLSA claim against both Defendants. <u>First</u>, Millenium and Mena qualify as "employers" under the FLSA. Millenium is an "employer" because it is the company Alvarez worked for. *See Shakib v. Back Bay Restaurant Group, Inc.*, No. 10-4564, 2011 WL 4594654, at *3 (D.N.J. Sept. 30, 2011). Mena qualifies as an "employer" because he had the power to hire and fire employees, set wages and schedules, and retain employee records. *See In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litig.*, 683 F.3d 462, 469 (3d Cir.2012).

<u>Second</u>, Millenium is an "enterprise engaged in commerce" for purposes of the FLSA. "To be considered an enterprise, a business must . . . 1) be engaged in related activities, 2) under unified operation or common control, and 3) have a common business purpose. *Reich v. Gateway Press, Inc.* 13 F.3d 685, 694 (3d Cir. 1994) (citing 29 U.S.C. § 203(r)(1)). An enterprise is "engaged in commerce" when it has "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce . . ." and when it has an "annual gross volume of sales made or business done [of] not less than $500,000." 29 U.S.C. §§ 203(s)(1)(A)(i) & (ii). "'Commerce' means trade, commerce, transportation, or communication among the several states or between any State and any place outside thereof." 29 U.S.C. § 203(b). Here, Millenium is an enterprise as defined in the FLSA, Compl. ¶ 9, and it is an enterprise engaged in

commerce because its employees handle goods used in interstate commerce and because its annual revenues exceed $500,000. *Id.* ¶¶ 7, 10.

Third, and finally, Alvarez often worked in in excess of forty hours per week, but he was not paid any overtime.

Now that the Court has found that Alvarez has stated an FLSA claim, the Court must consider whether a default judgment is appropriate. The Court finds that it is. As an initial matter, there does not appear to be any basis for Defendants to claim a meritorious defense. Furthermore, it is clear that Alvarez has been prejudiced by Defendants' failure to answer because Alvarez has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving the requested relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Finally, where, as here, a defendant has failed to respond, there is a presumption of culpability. *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).

Next, the Court turns to damages. When defendants default in FLSA cases, "courts have held that the plaintiff's recollection and estimates of hours worked are presumed to be correct" for purposes of establishing damages. *Perero v. Food Jungle, Inc.*, No. 5-CV-4347, 2006 WL 2708055, at *5 (E.D.N.Y. Aug. 7, 2006) (internal quotations citations omitted). Here, Alvarez submitted a declaration stating that he worked at Millenium from February 15, 2012 through August 30, 2012, a total of 28 weeks. Alvarez estimates that he worked 20 overtime hours per week, and that he was paid for a 40 hour workweek, at $13.75 per hour, in 27 of the 28 weeks he worked at Millenium. Alvarez Declaration ¶¶ 10-12. Alvarez states that for the 28th week, his pay reflected 48 hours of work at a salary of $13.75. *Id.* ¶ 12. Accordingly, Alvarez is entitled to $11,440.00 in overtime compensation. Additionally, because Defendants have failed to establish that they acted in good faith with respect to Alvarez's compensation, Alvarez is also entitled to liquidated damages equal to his actual damages. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."). Finally, after reviewing the fee certification submitted in accordance with Alvarez's motion for default judgment, *see* Stein Declaration, ECF No. 10-3, the Court will award reasonable attorney's fees and costs in the amount of $3,497.50. 29 U.S.C § 207(b). Accordingly, the Court will enter judgment in favor of Alvarez in the amount of $26,377.50. An appropriate order and judgment follows.

                                              /s/ William J. Martini
                                      **WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 7, 2013**